IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YI XING,

       Petitioner,

v.                                                                                       2:26-cv-00306-JB-JMR

MARY DE ANDA-YBARRA, *in her official capacity
as Director of U.S. Immigration and Customs Enforcement
and Removal Operations, El Paso Field Office*;
KRISTI NOEM, *in her official capacity as Secretary of
Homeland Security*; PAMELA BONDI, *in her official
capacity as Attorney General of the United States*; and
DORA CASTRO, *in her official capacity as Warden of
the Otero County Processing Center*,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner Yi Xing's Amended Verified Emergency Petition for a Writ of Habeas Corpus on Behalf of Petitioner Pursuant to 28 U.S.C. § 2241 ("Petition"), filed on February 6, 2026.  Doc. 2.  On February 25, 2026, Mr. Xing filed a Notice of Supplemental Authority.  Doc. 12.  On February 26, 2026, the Federal Respondents filed a response.  Doc. 15. Warden Dora Castro joined the Federal Respondents' position.  Doc. 10.  On February 27, 2026, Mr. Xing filed a reply.  Doc. 16.  Senior United States District Judge James O. Browning referred this case to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to recommend an ultimate disposition.  Doc. 4.  For the reasons set forth below, I recommend that the Petition (Doc. 2) be **GRANTED IN PART** and that Mr. Xing be granted a bond hearing.

## I.    Background

Petitioner Yi Xing is a citizen of the People's Republic of China.  Doc. 2 at 2 ¶ 1. On March 17, 2024, Mr. Xing entered the United States approximately 30.6 miles east of Tecate,

California, at a place other than a port of entry.  Doc. 2 at 2 ¶ 2; Doc. 2-3 at 2; Doc. 15-1 at 1–2.

On March 18, 2024, Mr. Xing was apprehended by Border Patrol and charged with being subject

to removal under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).[1]  Doc. 15-1 at

2.  Mr. Xing was placed in removal proceedings under § 240 of the INA.[2]  Doc. 2-3 at 2. After

determining that Mr. Xing did not have any criminal history and was not "a threat to national

security, border security, or public safety," the Department of Homeland Security issued Mr.

Xing a Notice to Appear and released him by Order of Recognizance.  Doc. 2-3 at 2–4; Doc. 15-

1 at 3.  On May 17, 2024, Mr. Xing filed an application for asylum and withholding of removal

based on his "fear of persecution in China due to his religious beliefs and anti-CCP ["Chinese

Communist Party"] activism."[3]  Doc. 2 at 8 ¶ 27.

Mr. Xing has resided in Flushing, New York since his arrival in the United States, where

he is an active member in the Church of Jesus Christ of Latter-day Saints.  Doc. 2 at 8 ¶¶ 26, 32.

Mr. Xing avers that he "has remained in total compliance with all DHS requirements, including

attending every scheduled check-in with ICE Enforcement and Removal Operations ("ERO") in

New York City."  Doc. 2 at 8 ¶ 28.

On November 19, 2025, Mr. Xing was re-detained after he reported for a routine U.S.

Immigration and Customs Enforcement ("ICE") check in.  Doc. 2 at 2 ¶ 3; Doc. 15-2 at 3.  No

---

[1] This section of the INA is codified at 8 U.S.C. § 1182(a)(6)(A)(i).  It provides that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

[2] This section of the INA is codified at 8 U.S.C. § 1229a.  Aliens placed in these removal proceedings are entitled to proceedings before an immigration judge.  8 U.S.C. § 1229a(a)(1).

[3]  Respondents' records show that Petitioner's application was filed on March 18, 2024, as opposed to March 17, 2024.  Doc. 15-2 at 3.  The date discrepancy does not affect the Court's analysis.

evidence indicates that Mr. Xing violated the conditions of his parole or that the government took any action to revoke his parole before or since he was taken into custody. Nevertheless, Respondents now purport to detain Mr. Xing pursuant to 8 U.S.C. § 1225(b)(2). Doc. 2 at 1-2.

Mr. Xing is currently incarcerated in the Otero County Processing Center in Chaparral, New Mexico. Doc. 2 at 8 ¶ 30.

## II.    The Parties' Arguments

Mr. Xing asserts three claims for relief in his petition. *See* Doc. 2. First, Mr. Xing argues that Respondents have violated the INA by detaining him under the incorrect statutory authority, 8 U.S.C. § 1225, thereby denying him the bond hearing to which he is properly entitled under 8 U.S.C. § 1226. *Id.* at 9 ¶¶ 35–40. Second, he alleges that re-detaining him "at a routine check-in without any change in circumstances or individualized finding of risk" and holding him without a bond hearing violates his Fifth Amendment Due Process rights. *Id.* at 10 ¶¶ 41-45. Third, he argues that due process requires that the government bear the burden of justifying his continued detention at any bond hearing. *Id.* at 10–11 ¶¶ 46-49.

In his prayer for relief, Mr. Xing asks the Court to order "Respondents to provide [him] with an individualized bond hearing before an Immigration Judge within seven (7) days of this Court's order." Doc. 2 at 11; *but see* Doc. 16 at 7 (Mr. Xing's reply brief asking the Court to order a bond hearing within 48 hours). He further requests that, at such a bond hearing, the government "bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence that he is either a flight risk or a danger to the community." Doc. 2 at 11. Finally, "if the Government fails to provide the required bond hearing within the specified seven-day timeframe[,]" he requests immediate release from custody. *Id.*

3

On February 25, 2026, Mr. Xing filed a Notice of Supplemental Authority.  Doc. 12.  Mr. Xing's supplemental authority is the February 18, 2026, order in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *3 (C.D. Cal. Feb. 18, 2026).  Mr. Xing cites this authority for two reasons:

> (1)  The *Bautista* court expressly vacated the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the primary authority used to incorrectly classify him as an immigrant subject to detention under 8 U.S.C. § 1225.

> (2)  He is a member of the bond-eligible class in *Bautista,* and his class membership entitles him to a bond hearing under 8 U.S.C. § 1226.

Doc. 12.

On February 26, 2026, Respondents filed "an abbreviated response in lieu of a formal responsive memorandum of law . . . ."  Doc. 15 at 1.  Therein, Respondents state they have "determined that the legal issues presented concern the statutory authority for ICE's detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a), whether Petitioner is entitled to a bond hearing, and whether Petitioner must first exhaust his administrative remedies before applying to this Court."  *Id.*  Respondents claim Mr. Xing is "subject to mandatory detention under § 1225(b)" and reference the "similar conclusion" reached in *Singh v. Noem*, No. CIV 25-1110, 2026 WL 146005 (D.N.M. Jan. 20, 2026).  *Id.* at 1–2.  Respondents then purport to "incorporate by reference all arguments raised in its response brief in *Singh v. Noem.*"  *Id.* at 2 n.2.  Notably, however, Respondents also state that:

> The United States, in prior similar matters, cited *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025), for this proposition.  Undersigned counsel was alerted on the evening of February 26, 2026, that the *Matter of Yajure Hurtado* decision has been vacated through an order filed in *Lazaro Maldonado Bautista, et al. v. Ernesto Santacruz Jr, et al.*, 5:25-cv-01873-SSS-BFM (C.D. Cal. Feb. 18, 2026).  Therefore, the United States is not relying on the *Matter of Yajure Hurtado* decision.

*Id*. at 2 n.1.

4

**III.     Habeas Authority**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  Federal courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**IV.     Analysis**

I recommend that the Court find that Respondents have waived their right to respond to the Petition.  In the alternative, I recommend that the Court find that the Respondents failed to respond to two of Mr. Xing's arguments.

**A. Respondents waived the right to respond to the Petition.**

Respondents, without approval of the Court or authorization under local rule, purport to incorporate by reference the briefing submitted under seal in a different case.  Specifically, Respondents reference the "similar conclusion" reached in *Singh v. Noem*, No. CIV 25-1110, 2026 WL 146005 (D.N.M. Jan. 20, 2026) and "incorporate by reference" "all arguments raised in its response brief . . . ."  Doc. 15 at 2 & n.2.  This response is problematic for several reasons.

First, there is no legal authority for "incorporat[ing] by reference" a pleading or response from another case.[4]  Although Federal Rule of Civil Procedure 10(c) provides for adoption by

---

[4] To preserve resources, some judges in this district have ordered respondents to distinguish a particular petition from another factually similar petition on which the same judge has already ruled. *See, e.g.*, Doc. 4 at 2–3, *Khasanov v. De Anda-Ybarra*, 1:26-cv-00452-MLG-JMR (filed

reference in some circumstances, "referencing a pleading from a different case is impermissible, even if the two cases involve the same parties . . . ." *Macias v. New Mexico Dep't of Labor*, 300 F.R.D. 529, 562 (D.N.M. 2014) (Browning, J.); *see also Spirit Lake Tribe v. Jaeger*, 2019 WL 13299003, at *1 (D.N.D. June 17, 1999) ("allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference" (citing 5A Wright & Miller, Federal Practice and Procedure § 1326 (4th ed. 2018) (collecting cases prohibiting incorporating by reference pleadings from another case))). Beyond referencing a pleading in another case, Respondents here have attempted to adopt an entire responsive brief. Respondents have disregarded their duty to respond to the merits of Mr. Xing's arguments with legal citations.[5]

---

Feb. 18, 2026) ("Any response filed by the USAO must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings.") (Garcia, J.); Doc. 3 at 3, *Thapa v. Bondi*, 2:26-cv-00202-MIS-JMR ("Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings.") (Strickland, J.). No such order or invitation was made in this case. *See* Doc. 5 (Order for Respondents to Show Cause). I also have not issued a recommendation in any case that is factually or legally similar to Petitioner's.

[5] The Court finds important to reiterate the message set forth by the United States District Court for the Southern District of Indiana in *Fuentes Gomez v. Olsen*:

> No doubt, the bond eligibility issue has been the predominant basis for the hundreds of habeas challenges raised by ICE detainees in this and other federal courts in recent months. This Court is sensitive to the reality that the government's attorneys face an ever-expanding workload with the same constraints on time, personnel, and energy that limit the courts.
>
> Nevertheless, the Court expects the government's attorney—who is a tenured and respected practitioner in this District—to move forward mindful of the following. First, the federal government has chosen to make arrests at breakneck pace in the name of immigration enforcement. The government and its lawyers have also embraced the newfound legal position that every alien arrested inside the United States without a visa is subject to compulsory detention without the possibility of bond or other relief. While the Court is sympathetic to the challenges the government's attorneys face, it is reasonable and appropriate for the Court to expect the same level of responsiveness in this litigation, despite its volume and pace, as in any other.

Second, the Court ordered Respondents to show cause as to why Mr. Xing's petition should not be granted.  Doc. 5.  The briefing in *Singh*, naturally, does not address the merits of Mr. Xing's petition.  Mr. Xing is represented by different counsel than Mr. Singh, and he raises different arguments based on different legal authority.  By declining to address the merits of Mr. Xing's petition, the Respondents have ignored this Court's order.

Third, the briefing in *Singh* is sealed.  In other words, the *Singh* briefing is only available to the Court and the participants in that case.  Neither the public nor Mr. Xing's counsel have access to the briefing.  So, even if this Court were to excuse the Respondents' adoption of the briefing in another case, Mr. Xing would have no way to reply to those arguments.  Indeed, Mr. Xing's reply briefing does not refer to the briefing in *Singh* or address the arguments made by the Respondents in *Singh*.  *See* Doc. 16.  It is unreasonable to expect Mr. Xing to reply to an argument that he cannot access.

For these reasons, I recommend that the Court find Respondents have waived their right to respond to Mr. Xing's petition.  "[T]he Tenth Circuit said that arguments made in a cursory

---

Second, as with all case types, non-responsiveness is unacceptable.  Each time the Court must write such a decision, it delays the time when it will reach the next ripe case.  During that time, the petitioner—and every other petitioner with a meritorious claim—remains in jail without legal justification.  The government is not obligated to defend against every petition.  If it cannot or will not defend against the arguments raised by the petitioner, the government should clearly and promptly notify the Court that it does not oppose the petition, it has afforded the relief that has been requested, and the case is moot.  If that approach is not strictly required by the law, it [is] certainly called for by basic notions of professional courtesy.

Again, the Court declines at this stage to treat the government's failure to meaningfully respond to this petition as an act of bad faith.  The government should not, however, conclude that its approach in this case is acceptable or that it should be repeated.

No. 26-CV-00021, 2026 WL 413371, at *3 (S.D. Ind. Feb. 13, 2026).

manner . . . are waived." *United States v. Martinez*, 542 F. Supp. 3d 1170, 1185 (D.N.M. 2021) (Browning, J.); *see also United States v. Gordon*, 710 F. 3d 1124, 1150 (10th Cir. 2013) ("[T]he arguments are presented in a perfunctory and conclusory fashion, and we are rightly hesitant to definitively opine on such legally significant issues when they have received such cursory treatment."). Courts regularly grant relief under § 2241 when respondents fail to respond to a petitioner's arguments. *See Fuentes Gomez v. Olsen*, No. 26-CV-00021, 2026 WL 413371, at *1 (S.D. Ind. Feb. 13, 2026) ("[R]espondents have not answered Gomez's argument that she was arrested while on parole and therefore her detention violates the Constitution and laws of the United States. The government therefore has waived any defense to the issue, and Gomez's petition is granted."); *Diego L. v. Bondi*, No. 26-cv-382, 2026 WL 145206, at *1, *3 (D. Minn. Jan. 20, 2026) (granting habeas relief when respondents incorporated briefing from another case and failed to respond to one argument, which court held was an independent basis for relief); *F.B. v. Noem*, No. CV-25-04271, 2025 WL 3628652, at *2 (D. Ariz. Dec. 4, 2025) (Respondents filed boilerplate response and because "Respondents do not acknowledge or address Petitioner's actual arguments . . .[t]he Court . . . finds Respondents have waived any challenge to them."). The Respondents' incorporation of the *Singh* briefing here results in an insufficiently cursory response.[6] As such, I recommend that the Court find that the Respondents failed to show cause as to why Mr. Xing's petition should not be granted. *See* 28 U.S.C. § 2243; Doc. 5.

---

[6] Respondents also reference, in a footnote, *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which they "also believe . . . is relevant . . . ." Doc. 15 at 2 n.2. Again, though, "arguments made in a cursory manner, such as a footnote, are waived." *Martinez*, at 542 F. Supp. 3d at 1185.

### B. Respondents failed to respond to two of Mr. Xing's arguments.

In the alternative, I recommend that the Court find the Respondents failed to respond to two arguments in Mr. Xing's petition. Because the Respondents failed to respond, I recommend that the Court grant the petition as to those arguments.

Even if the Court allowed the Respondents to incorporate the *Singh* briefing in this case, the *Singh* briefing does not address all of the claims in Mr. Xing's petition. In *Singh*, the Respondents first argued that Mr. Singh failed to exhaust administrative remedies. *See* Doc. 16 at 10–11, *Singh v. Noem*, No. CIV 25-1110 (filed Nov. 28, 2025). But Respondents have not provided any specific factual or legal argument about whether or not Mr. Xing exhausted his administrative remedies. Next, in *Singh*, the Respondents argued that Mr. Singh was properly detained under 8 U.S.C. § 1225, as opposed to § 1226. *Id.* at 11–14. This is the only argument that Mr. Singh and Mr. Xing make in common. *See* Doc. 2 at 9. The *Singh* briefing does not address Mr. Xing's additional arguments that his Due Process rights were violated by his re-detention or that he is a member *Bautista* class.

Courts routinely deem an issue "waived" when a party fails to respond to a movant's substantive argument. *See, e.g.*, *Rock Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (plaintiff's failure to respond to defendant's argument waived the issue); *Zane v. Kramer*, 195 F. Supp. 3d 1243, 1256 (W.D. Okla. 2016) (plaintiffs waived claim by failing to respond to argument raised in defendants' summary judgment motion); *Palmer v. Unified Gov't of Wyandotte Cty.*, 72 F. Supp. 2d 1237, 1250–51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim.").

Respondents entirely failed to identify and/or respond to Mr. Xing's argument that he is a member of the bond-eligible class in *Bautista*, and that his class membership entitles him to a bond hearing.[7]  Respondents had the opportunity to respond to Mr. Xing's supplemental authority, either in their response or in a supplemental filing, but they did not do so.  *See* D.N.M.LR-Civ. 7.8(c) (response to supplemental authority due within seven days of the filing of the notice of supplemental authority).  Respondents have waived their right to contest Mr. Xing's assertion that he is a member of the bond-eligible class in *Bautista*, and that his class membership entitles him to a bond hearing.  Federal courts are expected "to apply principles of comity to each other's class certification decisions when addressing a common dispute."  *Smith v. Bayer Corp.*, 564 U.S. 299, 317 (2011).  While this Court may not reach the same conclusion as the *Baustista* court, *see Singh*, comity principles and the rule of law require the Court to honor the *Bautista* court's decision when the matter is squarely put before it.  *See Ramirez v. Smith*, No. 5:25-CV-186-BJB, 2026 WL 228778, at *3 (W.D. Ky. Jan. 28, 2026).

Respondents also failed to respond to Mr. Xing's argument that his Due Process rights were violated by his sudden re-detention.[8]  Many courts have found due process violations and granted habeas relief on this basis. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) ("[I]f DHS has released a noncitizen pending civil removal proceedings,

---

[7] *Bautista* was temporarily stayed by the Ninth Circuit pending a ruling on the government's emergency motion for a stay pending appeal on March 6, 2026.  *Bautista v. United States Department of Homeland Security*, Doc. 5, No. 26-1044, (9th Cir. filed March 6, 2026).  Because the stay is temporary, it is unclear what effect, if any, the stay may have on the merits of Mr. Xing's arguments.

[8]  While the Respondents in *Singh* did discuss due process generally in their response in that case, *see* Doc. 16, *Singh v. Noem*, No. CIV 25-1110, their brief does not discuss the due process claim Mr. Xing makes in this case:  that his Fifth Amendment Due Process Rights were violated by Respondents "re-detaining [him] at a routine check-in without any change in circumstances or individualized finding of risk, and by holding him without a bond hearing."  Doc. 2 at 10 ¶ 45.

the noncitizen has a protected liberty interest in remaining out of immigration custody."); *O.F.C. v. Almodovar*, No. 25-cv-9816, 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026) (holding the same); *Diallo v. Orozco*, No. 2:26-CV-00066-MLG-JHR, 2026 WL 608746, at *2–4 (D.N.M. Mar. 4, 2026) (holding "that due process requires conditionally paroled noncitizen to receive a hearing before an immigration judge prior to re-detention"); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025) (same); *Singh v. Stevens,* No. 3:26-CV-133, 2026 WL 456489, at *6 (N.D. Ohio Feb. 18, 2026) ("[O]nce removal proceedings are initiated under § 1226(a), the government cannot change course and subject individuals to § 1225's mandatory detention.").  Respondents have waived their right to contest Mr. Xing's assertion that his due process rights were violated by his sudden re-detention.

Because the Respondents have failed to respond to Mr. Xing's arguments regarding his *Bautista* class membership and re-detention, I recommend that the Court grant habeas relief.  In conformity with the *Bautista* court's order, I recommend that the Court order a bond hearing within seven (7) days, wherein the government should bear the burden of proof to justify Mr. Xing's continued detention by clear and convincing evidence that he is either a flight risk or a danger to the community.

## V.    Recommendation

Mr. Xing seeks a writ of habeas corpus compelling the government to provide him with a bond hearing before an immigration judge within seven days of this Court's order.  Respondents have not responded to Mr. Xing's argument that he is a member of the bond-eligible class in *Bautista*, and that his due process rights were violated by his re-detention.  The government therefore has waived any defense to these issues, and Petitioner's Amended Verified Emergency Petition for a Writ of Habeas Corpus on Behalf of Petitioner Pursuant to  28 U.S.C. § 2241 (Doc.

2) should be **GRANTED IN PART**, in the form of ordering a bond hearing within seven (7) days, wherein the government should "bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence that he is either a flight risk or a danger to the community." If Respondents do not hold a bond hearing within seven (7) days, I recommend the Court order Mr. Xing's immediate release. Mr. Xing's Petition (Doc. 2) should otherwise be **DENIED AS MOOT**.

Finally, I recommend that Mr. Xing's Notice of Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) be **DENIED AS MOOT**.[9]

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

---

[9] Mr. Xing requested a stay of all administrative removal proceedings until the Court reached a decision on merits related to his habeas petition. The Court here reaches the merits, rendering this motion moot.